UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

| In re: | § | |
|---|---|---|
| | § | |
| WEBER, THEODORE A | § | Case No. 11-48088 |
| WEBER, JEANETTE R. | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that JOSEPH E. COHEN, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

CLERK OF BANKRUPTCY COURT
219 S. Dearborn Street, Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 1:30 PM on 10/03/2014 in Courtroom ,

North Branch Court
1792 Nicole Lane
Round Lake Beach, IL 60073

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: _____    By: _____
                                         Clerk, U.S. Bankruptcy Court

*JOSEPH E. COHEN*
*105 WEST MADISON STREET*
*SUITE 1100*
*CHICAGO, IL 60602-0000*

**UNITED STATES BANKRUPTCY COURT**
NORTHERN **DISTRICT OF** ILLINOIS
EASTERN **DIVISION**

| | |
|---|---|
| In re: § | |
| § | |
| WEBER, THEODORE A § | Case No. 11-48088 |
| WEBER, JEANETTE R. § | |
| § | |
| Debtor(s) § | |

**SUMMARY OF TRUSTEE'S FINAL REPORT**
**AND APPLICATIONS FOR COMPENSATION**

| | |
|---|---|
| The Final Report shows receipts of | $ |
| and approved disbursements of | $ |
| leaving a balance on hand of[1] | $ |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000009A | AXIS Capital, Inc.<br>PO Box 2555<br>Grand Island, NE 68802 | $ | $ | $ | $ |

| | |
|---|---|
| Total to be paid to secured creditors | $_____ |
| Remaining Balance | $_____ |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: JOSEPH E. COHEN | $ | $ | $ |
| Trustee Expenses: JOSEPH E. COHEN | $ | $ | $ |
| Attorney for Trustee Fees: COHEN & KROL, Attorney for Trustee | $ | $ | $ |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Other: INTERNATIONAL SURETIES, LTD. | $ | $ | $ |

  Total to be paid for chapter 7 administrative expenses    $_____

  Remaining Balance    $_____

  Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Other: Illinois Department of Revenue Bankruptc | $ | $ | $ |

  Total to be paid for prior chapter administrative expenses    $_____

  Remaining Balance    $_____

  In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

  Allowed priority claims are:

NONE

  The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

  Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

  Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Community First Credit Union<br>Po Box 1487<br>Appleton, WI 54912 | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000003 | PHARIA L.L.C.<br>C O WEINSTEIN AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121 | $ | $ | $ |
| 000004 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | $ | $ | $ |
| 000005 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | $ | $ | $ |
| 000006 | United Fincorp LLC<br>1776 22nd Street<br>Suite 100<br>West Des Moines, IA 50266 | $ | $ | $ |
| 000007 | FIA CARD SERVICES, N.A.<br>PO Box 15102<br>Wilmington, DE 19886-5102 | $ | $ | $ |
| 000008 | Sulvak LLC<br>3375 Belvidere Road<br>Unit G<br>Park City, IL 60085-6019 | $ | $ | $ |
| 000011 | Portfolio Recovery Associates, LLC<br>(Jc Penney)<br>POB 41067<br>Norfolk VA 23541 | $ | $ | $ |
| 000012 | Portfolio Recovery Associates, LLC<br>(Capital One Bank, N.A.)<br>POB 41067<br>Norfolk VA 23541 | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000013 | Sallie Mae<br>c/o Sallie Mae Inc.<br>220 Lasley Ave.<br>Wilkes-Barre, PA 18706 | $ | $ | $ |
| 000014 | PYOD, LLC its successors and assigns as assignee<br>of Citibank<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602 | $ | $ | $ |

    Total to be paid to timely general unsecured creditors     $_____

    Remaining Balance     $_____

    Tardily filed claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be percent, plus interest (if applicable).

    Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000015 | CBS Outdoor Inc<br>C/O Cheifetz Iannitelli Marcolini, P.c.<br>111 West Monroe St.<br>17th Floor<br>Phoenix, AZ 85003 | $ | $ | $ |
| 000016 | JPMorgan Chase Bank, N.A.<br>c/o Five Lakes Agency, Inc.<br>P.O. Box 80730<br>Rochester, MI 48308-0730 | $ | $ | $ |

    Total to be paid to tardy general unsecured creditors     $_____

    Remaining Balance     $_____

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $    have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be    percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/JOSEPH E. COHEN
TRUSTEE

JOSEPH E. COHEN
105 WEST MADISON STREET
SUITE 1100
CHICAGO, IL 60602-0000

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.